THE COMMONWEALTH OF PUERTO RICO, ETC., Plaintiff and Appellee, *v.* ANA D. RIVERA, Defendant and Appellant.

No. R-62-149.     Decided April 25, 1963.

*H. Lugo Bougal* for appellant. *Quintín Morales Ramírez, Edwin R. Bonilla Vélez, Luis A. Rodríguez,* and *Ernesto Rodríguez Font* for The Planning Board.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

---

PER CURIAM: This is a petition for an injunction filed in the Superior Court, Ponce Part, by the Planning Board, requesting that defendant be ordered to remove or demolish, on her own account, a fence allegedly constructed in violation of the provisions of the Zoning Regulations.

The trial court made the following findings of fact:

"1.— . . .

2.—The defendant, Ana Delia Rivera, is the owner of a property situated at number B-109 of Santa María Housing Development of Ponce, Puerto Rico, which is a residential zone or district.

3.—In the year 1960, the defendant planned to construct a concrete-block fence on the boundary of her left front lateral yard, adjoining house number B-110, of the aforesaid Santa María Housing Development.

4.—In order to become acquainted with the provisions of the Planning Board in relation to the height of a fence like the one described, the defendant, Ana Delia Rivera, who is the Executive Officer of the Division of Public Welfare of Ponce, instructed her employee, Wilfredo Cintrón Figueroa, to go personally to the Official of Permits, Office of Ponce, in order to obtain the corresponding information.

5.—Wilfredo Cintrón Figueroa, as instructed by Ana Delia Rivera, went to the Local Office of the Board of Permits and had an interview with the engineer of said agency, Iván Vargas Peña, at that time in charge of that office pro tempore.

6.—Wilfredo Cintrón Figueroa had a conference with Iván Vargas Peña, who prepared a sketch for him and instructed him as to the possible height that could be given to the fences of the defendant's property, and specifically he instructed and informed Wilfredo Cintrón Figueroa that on the left front lateral yard a cement block fence up to six feet high could be constructed. (See Alfredo Cintrón Figueroa's testimony.)

7.—The sketch in question was signed by Iván Vargas Peña and handed to Wilfredo Cintrón Figueroa, this being offered as evidence at the hearing of the case at bar. In this sketch the height of the fence is not shown.

8.—The defendant ordered the construction of a cement-block fence on the boundary line of her left front lateral yard up to a height of six feet, six inches, that is, six inches higher than the fence authorized by the Official of Permits. The maximum legal height of a fence like the one described, in accordance with the Planning Regulation No. 4, is one meter, the fence constructed, consequently, being higher.

9.—At the time when Engineer Iván Vargas Peña instructed Wilfredo Cintrón Figueroa about the facts aforementioned, said Engineer Iván Vargas Peña was acting within the legal exercise of his duties and scope of employment as Official of Permits.

10.—The defendant Ana Delia Rivera in ordering the construction of the project as described, did not do it rashly nor with the intention of violating the Planning Regulations alluded to, but under the belief and authorized by an Official of Permits."

The preceding facts having been established, the trial court decided, as a matter of law, that the permit granted to the defendant by the Official of Permits was illegal, for it was contrary to the Zoning Regulations and because said official did not have discretion to vary the provisions of the regulations referred to. It rendered judgment ordering defendant to proceed to demolish or reduce, on her own account, the fence already mentioned to a height not greater than one meter, within 60 days. We agree with the trial court that this structure was made in violation of the regulations, even if it was authorized by an officer of the Board itself. Being in violation of the law, its correction is in order.

But in view of the findings of fact of the trial court itself, particularly findings 6th, 9th, and 10th, and plaintiff's petition being, fundamentally, an equitable procedure, the judgment should be modified in the sense that the cost of the reduction in the excess of the height of one meter up to six feet, should not be on the account of the defendant. As thus modified, it will be affirmed.